IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL DUPRIEST,**<br>　　　　　Petitioner,<br><br>　　　　v.<br><br>**JOHN KERESTES; THE PA BOARD OF PROBATION AND PAROLE; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,**<br>　　　　　Respondents. | **CIVIL ACTION**<br><br><br><br>**NO.  14-6718** |

**O R D E R**

**AND NOW**, this 13th day of March, 2015, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Samuel Dupriest, the record in this case, the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated February 19, 2015, and Objection to Report and Recommendation, **IT IS ORDERED** as follows:

　　　　1.　　The Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated February 19, 2015, is **APPROVED** and **ADOPTED**;

　　　　2.　　The Objection to Report and Recommendation is **OVERRULED**.  The Objection challenges the first reason given by the Pennsylvania Board of Probation and Parole ("Parole Board") for denying parole – the fact that petitioner's prior parole supervisory history was unsatisfactory.  *Pro se* petitioner argues in the Objection that the first reason given by the Parole Board for denying parole, the only reason relied upon by the Magistrate Judge in his Report and Recommendation, violated substantive due process because it is arbitrary and unsupported by documentation of poor prior parole supervision.  That argument is rejected.  To the contrary, the record before the Parole Board reflects that *pro se* petitioner violated his parole by committing

another crime – attempted possession with intent to distribute of 500 grams or more of cocaine – on May 4, 2007, less than one year before his maximum sentence expiration date. *Pro se* petitioner pled guilty to that charge on December 8, 2008. That conviction supports the decision of the Parole Board to deny parole as it provides ample evidence that *pro se* petitioner's parole supervisory history was unsatisfactory;

3. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Samuel Dupriest, is **DENIED** without an evidentiary hearing; and,

4. A certificate of appealability will not issue because reasonable jurists would not debate this Court's decision that the petition does not state a valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

    DuBOIS, JAN E., J.